MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RAFAEL CUAHUTLE DE GABRIEL and
JAVIER CALLEJA GARCIA, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiffs*, | |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| BOCCA BLISS 725 THIRD AVENUE CORP. (D/B/A BOCCA BLISS), SARA KITCHEN, CORP. (D/B/A BOCCA BLISS), CPG RESTAURANT GROUP, INC. (D/B/A BOCCA BLISS), ABRAHAM CHOI, BYUNG J CHO, CARL GENOVA (A.K.A. CARMELO), and ELIO DOE, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiffs Rafael Cuahutle De Gabriel and Javier Calleja Garcia , individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Bocca Bliss 725 Third Avenue Corp. (d/b/a Bocca Bliss), Sara Kitchen, Corp. (d/b/a Bocca Bliss), CPG Restaurant Group, Inc. (d/b/a Bocca Bliss), ("Defendant Corporations"), Abraham Choi,  Byung J Cho,  Carl Genova (a.k.a. Carmelo), and  Elio Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.     Plaintiffs are former employees of Defendants Bocca Bliss 725 Third Avenue Corp. (d/b/a Bocca Bliss), Sara Kitchen, Corp. (d/b/a Bocca Bliss), CPG Restaurant Group, Inc. (d/b/a Bocca Bliss), Abraham Choi, Byung J Cho, Carl Genova (a.k.a. Carmelo), and Elio Doe.

2.      Defendants own, operate, or control an American/Asian restaurant, located at 725 3rd Ave. New York, NY 10017 under the name "Bocca Bliss."

3.     Upon information and belief, individual Defendants Abraham Choi, Byung J Cho, Carl Genova (a.k.a. Carmelo), and Elio Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiffs were employed as cook assistants and kitchen helpers at the restaurant located at 725 3rd Ave. New York, NY 10017.

5.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American/Asian restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.    Plaintiff Rafael Cuahutle De Gabriel ("Plaintiff Cuahutle" or "Mr. Cuahutle") is an adult individual residing in Queens County, New York.

16.    Plaintiff Cuahutle was employed by Defendants at Bocca Bliss from approximately November 2015 until on or about November 9, 2018.

17.    Plaintiff Javier Calleja Garcia ("Plaintiff Calleja" or "Mr. Calleja") is an adult individual residing in Bronx County, New York.

18.    Plaintiff Calleja was employed by Defendants at Bocca Bliss from approximately January 2016 until on or about February 2017 and then from approximately January 2018 until on or about July 2018.

*Defendants*

19.    At all relevant times, Defendants owned, operated, or controlled an American/Asian restaurant, located at 725 3rd Ave. New York, NY 10017 under the name "Bocca Bliss."

20.    Upon information and belief, Bocca Bliss 725 Third Avenue Corp. (d/b/a Bocca Bliss) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 725 3rd Ave. New York, NY 10017.

21.    Upon information and belief, Sara Kitchen, Corp. (d/b/a Bocca Bliss) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 725 3rd Ave. New York, NY 10017.

22.    Upon information and belief, CPG Restaurant Group, Inc. (d/b/a Bocca Bliss) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 725 3rd Ave. New York, NY 10017.

23.    Defendant Abraham Choi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Abraham Choi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Abraham Choi possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Byung J Cho is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Byung J Cho is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Byung J Cho possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Carl Genova (a.k.a. Carmelo) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Carl Genova (a.k.a. Carmelo) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Carl Genova (a.k.a. Carmelo) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls

significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Elio Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Elio Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Elio Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

27.    Defendants operate an American/Asian restaurant located in the Midtown East section of Manhattan in New York City.

28.    Individual Defendants, Abraham Choi, Byung J Cho, Carl Genova (a.k.a. Carmelo), and Elio Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

29.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Abraham Choi, Byung J Cho, and Carl Genova (a.k.a. Carmelo) operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

34.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

35.    In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

## Individual Plaintiffs

37.    Plaintiffs are former employees of Defendants who were employed as cook assistants and kitchen helpers.

38.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

## Plaintiff Rafael Cuahutle De Gabriel

39.    Plaintiff Cuahutle was employed by Defendants from approximately November 2015 until on or about November 9, 2018.

40.    Defendants employed Plaintiff Cuahutle as a cook helper.

41.    Plaintiff Cuahutle regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.    Plaintiff Cuahutle's work duties required neither discretion nor independent judgment.

43.    Throughout his employment with Defendants, Plaintiff Cuahutle regularly worked in excess of 40 hours per week.

44.    From approximately November 2015 until on or about August 2018, Plaintiff Cuahutle worked from approximately 5:00 a.m. until on or about 5:00 p.m., 2 days a week and from approximately 5:00 a.m. until on or about 3:00 p.m., 3 days a week (typically 54 hours per week).

45.    From approximately September 2018 until on or about November 9, 2018, Plaintiff Cuahutle worked from approximately 5:00 a.m. until on or about 1:00 p.m., 2 days a week, from approximately 5:00 a.m. until on or about 3:00 p.m., 2 days a week, and from approximately 5:00 a.m. until on or about 3:30 p.m., 1 day a week (typically 46.5 hours per week).

46.    Throughout his employment, Defendants paid Plaintiff Cuahutle his wages in cash.

47.    From approximately November 2015 until on or about July 2018, Defendants paid Plaintiff Cuahutle a fixed salary of $650 per week.

48.    From approximately August 2018 until on or about November 9, 2018, Defendants paid Plaintiff Cuahutle a fixed salary of $850 per week.

49.    Plaintiff Cuahutle's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50.    For example, Defendants required Plaintiff Cuahutle to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

51.    Defendants never granted Plaintiff Cuahutle uninterrupted breaks or meal periods.

52.    Plaintiff Cuahutle was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

53.    Defendants required Plaintiff Cuahutle to sign a copy of his weekly time cards, in order to release his weekly pay.

54.    Prior to July 2018, no notification, either in the form of posted notices or other means, was ever given to Plaintiff Cuahutle regarding overtime and wages under the FLSA and NYLL.

55.    Defendants did not provide Plaintiff Cuahutle an accurate statement of wages, as required by NYLL 195(3).

56.    Defendants did not give any notice to Plaintiff Cuahutle, in English and in Spanish (Plaintiff Cuahutle's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.    Defendants required Plaintiff Cuahutle to purchase "tools of the trade" with his own funds—including knives, knife sharpener and stone.

*Plaintiff Javier Calleja Garcia*

58.    Plaintiff Calleja was employed by Defendants from approximately January 2016 until on or about February 2017 and then from approximately January 2018 until on or about July 2018.

59.    Defendants employed Plaintiff Calleja as a kitchen helper.

60.    Plaintiff Calleja regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

61.    Plaintiff Calleja's work duties required neither discretion nor independent judgment.

62.    Throughout his employment with Defendants, Plaintiff Calleja regularly worked in excess of 40 hours per week.

63.    From approximately January 2016 until on or about February 2017, Plaintiff Calleja worked from approximately 5:00 a.m. until on or about 3:00 p.m., 3 days a week and from approximately 5:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., 2 days a week (typically 52 to 54 hours per week).

64.    During this period, and once every three months, Plaintiff Calleja worked from approximately 5:00 a.m. until on or about 3:00 p.m., 3 days a week, from approximately 5:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., 2 days a week, and from approximately 7:00 a.m. until on or about 2:00 p.m., 1 day a week (typically 59 to 61 hours per week).

65.    From approximately January 2018 until on or about July 2018, Plaintiff Calleja worked from approximately 5:00 a.m. until on or about 2:00 p.m., 2 days a week and from approximately 5:00 a.m. until on or about 4:00 p.m. to 5:00 p.m., 3 days a week (typically 51 to 54 hours per week).

66.    Throughout his employment, Defendants paid Plaintiff Calleja his wages in cash.

67.    From approximately January 2016 until on or about February 2017, Defendants paid Plaintiff Calleja $11.00 per hour.

68.    From approximately January 2018 until on or about July 2018, Defendants paid Plaintiff Calleja $13.00 per hour.

69.    Plaintiff Calleja's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

70.    For example, Defendants required Plaintiff Calleja to start working  1 hour prior to his scheduled start time, two or three times a month, and continue working 1 to 2 hours past his scheduled departure time, two days a week, and did not pay him for the additional time he worked.

71.    Defendants never granted Plaintiff Calleja uninterrupted breaks or meal periods.

72.    Although Plaintiff Calleja was required to keep track of his time, Defendants' time tracking device did not accurately reflect his actual hours worked.

73.    Defendants required Plaintiff Calleja to sign a copy of his weekly time cards, in order to release his weekly pay.

74.    Furthermore, on at least one occasion during the employment period from approximately January 2016 until on or about February 2017, Defendants required Plaintiff Calleja to sign a document, the contents of which he was not allowed to review in detail.

75.    Defendants did not provide Plaintiff Calleja an accurate statement of wages, as required by NYLL 195(3).

76.    In fact, from approximately January 2016 until on or about February 2017, Defendants adjusted Plaintiff Calleja's paystubs so that they reflected inaccurate wages and hours worked.

77.    Further, from approximately January 2018 until on or about July 2018, the paystubs provided to Plaintiff Calleja by Defendants only reflected the total amount of money he received each week, but nothing regarding the hours worked or the hourly rates.

78.    Defendants did not give any notice to Plaintiff Calleja, in English and in Spanish (Plaintiff Calleja's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

79.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

80.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

81.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

82.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

83.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Calleja worked.

84.     Furthermore, Plaintiff Cuahutle was not required to use the time-recording device because he was paid a fixed weekly salary.

85.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

86.     On at least one occasion, Defendants required Plaintiff Calleja to sign a document in English, he did not understand, and was not allowed to keep a copy of.

87.     Furthermore, Defendants required Plaintiffs to sign their weekly paystubs or time cards, which reflected only the amount of money received each week, but nothing regarding the hours worked or the rates.

88.     Defendants paid Plaintiffs their wages in cash.

89.     Prior to July 2018, Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

90.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

91.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

92.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

93.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

94.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the

employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by New York Labor Law

§195(1).

## FLSA COLLECTIVE ACTION CLAIMS

95.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated

damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on

behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were

employed by Defendants or any of them, on or after the date that is three years before the filing of

the complaint in this case (the "FLSA Class Period").

96.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly

situated in that they had substantially similar job requirements and pay provisions, and have been

subject to Defendants' common practices, policies, programs, procedures, protocols and plans

including willfully failing and refusing to pay them the required minimum wage, overtime pay at

a one and one-half their regular rates for work in excess of forty (40) hours per workweek under

the FLSA, and willfully failing to keep records as required under the FLSA.

97.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

98.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99.     At all times relevant to this action, Defendants were Plaintiffs' employers within the

meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire

and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

100.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

101.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

102.  Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violationn of 29 U.S.C. § 206(a).

103.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

104.  Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

105.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

111.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

112.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

113.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

114.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

116.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

117.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

120.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

121.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

124.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

127.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

128.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

130.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

131.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

132.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

133.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
            November 15, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*

- 22 -

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 14, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Javier Calleja Garcia

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    14 de Octubre, 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
————

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

November 13, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Rafael Cuahutle De Gabriel

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      13 de Octubre, 2018

*Certified as a minority-owned business in the State of New York*