# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

phershan@faillacelaw.com

April 10, 2019

**BY ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

       Re:    **Cuahutle de Gabriel et al v. Bocca Bliss 725 Third Avenue Corp. et al.
Case No. 18-cv-10686 (VEC)**

Dear Judge Caproni:

       I am an attorney with Michael Faillace & Associates, P.C., attorneys for Plaintiff in the above-referenced matter. I write pursuant to the Court's April 5, 2019 Order directing Plaintiff to revise his default judgment submission. Attached, please find Plaintiff's corrected damages spreadsheet, corrected proposed default judgment, and revised request for attorney's fees, expenses and costs.

       As it pertains to the corrected damages chart, Plaintiff will not seek pre-judgment interest in this matter. Pursuant to the Court's Order, Plaintiff calculated the difference between the amount Plaintiff would be owed under the FLSA and the amount he is owed under the NYLL. The difference between the two is limited solely to the first two weeks in November 2015 that predate the FLSA three-year statute of limitations. Otherwise, the calculation of damages is identical under both the FLSA and NYLL as Plaintiff was paid a fixed weekly salary by the Defendants at their restaurant.

       Under the FLSA, for salaried employees, the rate of pay "is computed by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. 778.113(a). Courts within the Second Circuit hold that "there is a rebuttable presumption that a weekly salary covers 40 hours; the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours." *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999); *accord Jiao v. Chen*, 2007 U.S. Dist. LEXIS 96480, *45 (S.D.N.Y. Mar. 30, 2007); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 334-35 (S.D.N.Y. 2005). Under New York Labor Law, if an employer fails to pay an employee an hourly rate as required by state law, the employee's regular hourly rate of pay is calculated by dividing the employee's weekly earnings by the lesser of 40 hours or the actual number of hours worked by that employee during the work week. *New York Hospitality Industry Wage Order, 146-3.5*.

       Here, Defendants are in default and cannot rebut the presumption that Plaintiff's regular rate of pay under both the FLSA and NYLL is determined by dividing his weekly salary by 40 hours, and his overtime rate of pay is determined by multiplying that rate by 1.5, as reflected in the corrected damages spreadsheet.

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                  Telephone: (212) 317-1200
New York, New York 10165                          Facsimile: (212) 317-1620
_____

phershan@faillacelaw.com

I thank the Court for its attention to this matter.

                                   Respectfully Submitted,

                                   /s/ Paul B. Hershan
                                   Paul B. Hershan
                                   MICHAEL FAILLACE & ASSOCIATES, P.C.
                                   *Attorneys for Plaintiff*