USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

RAFAEL CUAHUTLE DE GABRIEL and JAVIER CALLEJA GARCIA, individually and on behalf of others similarly situated,

Plaintiffs,

-against-

BOCCA BLISS 725 THIRD AVENUE CORP. (D/B/A BOCCA BLISS), SARA KITCHEN, CORP. (D/B/A BOCCA BLISS), CPG RESTAURANT GROUP, INC. (D/B/A BOCCA BLISS), ABRAHAM CHOI, and CARL GENOVA (A.K.A. CARMELO),

Defendants.

-----------------------------------------------------X

**18-cv-10686-VEC**

**DEFAULT JUDGMENT**

**JUDGMENT**

This action was commenced on November 15, 2018 (Doc. No. 1). Defendants Bocca Bliss 725 Third Avenue Corp. (d/b/a Bocca Bliss), Sara Kitchen, Corp. (d/b/a Bocca Bliss), CPG Restaurant Group, Inc. (d/b/a Bocca Bliss) were served with process on December 6, 2018 and Individual Defendants Abraham Choi and Carl Genova were served with process on December 10, 2018 (Docs. No. 19, 20, 21, 23 and 24).

To date, Defendants Bocca Bliss 725 Third Avenue Corp. (d/b/a Bocca Bliss), Sara Kitchen, Corp. (d/b/a Bocca Bliss), CPG Restaurant Group, Inc. (d/b/a Bocca Bliss), Abraham Choi, and Carl Genova have not answered the Complaint or otherwise appeared or moved, and the Clerk of this Court certified the default of Defendants Bocca Bliss 725 Third Avenue Corp. (d/b/a Bocca Bliss), Sara Kitchen, Corp. (d/b/a Bocca Bliss), CPG Restaurant Group, Inc. (d/b/a Bocca Bliss), Abraham Choi, and Carl Genova on January 28, 2019 (Docs. No. 37, 38, 39, 41 and 42).

An order to show cause why a default judgment should not issue against Defendants was filed on February 26, 2019 (Doc. No. 50), and that order was served upon Defendants Bocca Bliss 725 Third Avenue Corp. (d/b/a Bocca Bliss), Sara Kitchen, Corp. (d/b/a Bocca Bliss), CPG Restaurant Group, Inc. (d/b/a Bocca Bliss), Abraham Choi, and Carl Genova on February 27, 2019 with supporting papers by personal service (Docs. No. 51-58). Defendants have made no filings or appearance in response to the order. (Doc. No. 59). The Court dismissed Defendants Doe and Choi for failure to prosecute on April 5, 2019. *Id.*

NOW, on motion of Plaintiff, by his attorneys Michael Faillace & Associates, P.C., it is hereby ORDERED, ADJUDGED AND DECREED:

That the plaintiff has judgment jointly and severally against the Defendants Bocca Bliss 725 Third Avenue Corp. (d/b/a Bocca Bliss), Sara Kitchen, Corp. (d/b/a Bocca Bliss), CPG Restaurant Group, Inc. (d/b/a Bocca Bliss), Abraham Choi, and Carl Genova in the amount of $121,814.25, including (A) compensatory damages for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") in the amount of $51,973.13; (B) compensatory damages for unpaid overtime compensation under New York Labor Law ("NYLL") in the amount of $682.50; (C) liquidated damages for unpaid overtime compensation under the FLSA in the amount of $51,973.13[1]; (D) liquidated damages for unpaid overtime compensation under the NYLL in the amount of $682.50; (E) unpaid spread of hours pay under New York Labor Law in the amount of $3,251.50; (F) liquidated damages for unpaid spread of hours pay under New York Labor Law in

1 Plaintiff requested that he be awarded liquidated damages under the NYLL alone in the amount of $52,655.63. Because the amount of liquidated damages for the period from November 15, 2015 through November 9, 2018 is the same under the FLSA and NYLL, however, and because Plaintiff premised federal subject-matter jurisdiction on federal-question jurisdiction over his FLSA claim, the Court declines to award Plaintiff liquidated damages under the NYLL for that period. Liquidated damages under the FLSA, Plaintiff's federal cause of action, is more appropriate for that period.

the amount of $3,251.50; (G) statutory damages for violation of New York Labor Law § 195 in the amount of $10,000.00.

That the Plaintiff is awarded attorneys' fees in the amount of $980.00[2] and costs in the amount of $792.00.

That the Plaintiff is awarded post judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

That if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the amount of the judgment attributable solely to the NYLL—$17,868—shall automatically increase by fifteen percent, as required by NYLL § 198(4).

That, having disclaimed any right to prejudgment interest, *see* Dkt. 60, Plaintiff shall not take or receive any prejudgment interest.

The Clerk of Court is respectfully directed to enter judgment in Plaintiff's favor, terminate all open motions, and close this case.

Dated: New York, New York
April 16, 2019

THE HONORABLE VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2 Plaintiff's revised fee request seeks $400 for two hours Paul Hershan, Esq., spent revising and submitting Plaintiff's damages chart and proposed default judgment. *See* Dkt. 60 ex. 3 (revised bill) at 1. Because those revisions were necessary to correct serious deficiencies in Plaintiff's original submissions on issues with which Plaintiff's counsel should be well familiar, the Court will not award more than half an hour for that work. The Court therefore reduced the amount sought for attorney's fees by $300.

This document was entered on the docket on ___________________.

To:

Bocca Bliss 725 Third Avenue Corp.
c/o Bocca Bliss
725 3rd Ave
New York, NY 10017

Sara Kitchen, Corp.
c/o Bocca Bliss
725 3rd Ave
New York, NY 10017

CPG Restaurant Group, Inc.
c/o Bocca Bliss
725 3rd Ave
New York, NY 10017

Abraham Choi
c/o Bocca Bliss
725 3rd Ave
New York, NY 10017

Carl Genova
c/o Bocca Bliss
725 3rd Ave
New York, NY 10017